**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

**Greenbaum, Rowe, Smith & Davis LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
Attorneys for Defendant
David L. Bruck, Esq. (DLB/1957)

| | |
|---|---|
| In re:<br><br>BAYONNE MEDICAL CENTER,<br><br>                Debtor. | **Chapter 11 Proceeding**<br><br>**Case No. 07-15195 (MS)** |
| THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF BAYONNE<br>MEDICAL CENTER,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERT H. EVANS, HERMAN<br>BROCKMAN, THEODORE GARELICK,<br>WILLIAM J. CAMPBELL, ROBERT C. MILL,<br>WILLIAM J. FINNERTY, HOWARD LEVINE,<br>ANTHONY WARD, DEBORAH WOZNIAK<br>and WITHUMSMITH+BROWN, P.C.,<br><br>                Defendants. | **Adv. Pro. No.: 09-01688 (MS)**<br><br><br>**DEFENDANT ROBERT H. EVANS'<br>AMENDED ANSWER TO ADVERSARY<br>COMPLAINT, AFFIRMATIVE<br>DEFENSES, CROSS-CLAIMS, AND<br>THIRD PARTY COMPLAINT** |
| ROBERT H. EVANS,<br><br>              Third-Party Plaintiff,<br><br>v.<br><br>HEATHER AARON and PAUL MOHRLE,<br><br>              Third-Party Defendants. | |

1123771.01

Defendant Robert H. Evans ("Evans"), by way of Amended Answer to the Adversary Complaint of the plaintiff Official Committee of Unsecured Creditors of Bayonne Medical Center, hereby states as follows:

## AS TO JURISDICTION

1. The statement in paragraph 1 constitutes a statement, to which no response is required and to which no response is provided.

2. Evans denies the allegations contained in paragraph 2.

3. Evans denies the allegations contained in paragraph 3.

4. Evans denies the allegations contained in paragraph 4.

5. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore denies the same.

## AS TO PARTIES

6. Evans admits the allegations contained in paragraph 6.

7. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies the same.

8. Evans admits the allegations contained in paragraph 8.

9. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies the same, except Evans admits that Herman Brockman was the Chairman of BMC's Board of Trustees and the Chairman of the Board's Executive Committee.

10. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies the same, except Evans

2

1123771.01

admits that Theodore Garelick was the Vice Chairman of BMC's Board of Trustees and a member of the Board's Executive Committee, Finance Committee, and Audit Committee.

11.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies the same, except Evans admits that William J. Campbell was a member of BMC's Board of Trustees, the Board's Treasurer, and a member of the Board's Executive Committee and Chair of the Board's Finance Committee.

12.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies the same, except Evans admits that Robert C. Mills was a member of BMC's Board of Trustees, the Board's Secretary, and a member of the Board's Executive Committee and Finance Committee.

13.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies the same, except Evans admits that William J. Finnerty was a member of BMC's Board of Trustees, a member of the Board's Executive Committee and Finance Committee, and the Chairman of the Board's Audit Committee.

14.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies the same, except Evans admits that Howard Levine was a member of BMC's Board of Trustees and a member of the Board's Executive Committee and Finance Committee.

15.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies the same, except Evans

3

1123771.01

admits that Anthony Ward was a member of BMC's Board of Trustees and a member of the Board's Audit Committee.

16.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies the same, except Evans admits that Deborah Wozniak was a member of BMC's Board of Trustees and a member of the Board's Audit Committee.

17.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies the same, except Evans admits that WithumSmith+Brown, P.C., performed an audit of the BMC's 2005 consolidated financial statements and issued an unqualified audit report regarding the same.

18.    The statement in paragraph 18 constitutes a statement to which no response is required and to which no response is provided.

19.    The statement in paragraph 19 constitutes a statement to which no response is required and to which no response is provided.

## AS TO PROCEDURAL HISTORY

20.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and therefore denies the same.

21.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and therefore denies the same.

22.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies the same.

23.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies the same.

4

24. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore denies the same.

25. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore denies the same.

## AS TO FACTUAL ALLEGATIONS

### A.    As to Summary of Allegations

26. Evans denies the allegations contained in paragraph 26, except Evan admits that BMC, like other hospitals, was experiencing financial difficulties that commenced in 2004.

27. Evans denies the allegations contained in paragraph 27.

28. The statements in paragraph 28 constitutes a legal conclusion to which no response is required and to which no response is provided, except Evans denies that he was derelict in his duties or that he recklessly misrepresented BMC's financial condition.

29. Evans denies the allegations contained in paragraph 29.

30. Evans denies the allegations contained in paragraph 30, except Evans admits that he sat on the Board as an employee of BMC, that Brockman was Chairman, Garelick was Vice Chairman, and Mill was Secretary.

31. Except to state that John Grywalski also sat on the Board's Executive Committee until October 2005, Evans admits the allegations contained in paragraph 31.

32. Except to state that John Grywalski also sat on the Board's Finance Committee until October 2005, Evans admits the allegations contained in paragraph 32.

33. Evans admits the allegations contained in paragraph 33.

5

1123771.01

34.     Evans denies the allegations contained in paragraph 34, and states that the audit report speaks for itself, except Evans admits that WithumSmith+Brown issued an unqualified audit report on behalf of BMC.

35.     Evans denies the allegations contained in paragraph 35, and states that the audit report speaks for itself, except Evans admits that WithumSmith+Brown issued an unqualified audit report on behalf of BMC.

36.     Evans denies the allegations contained in paragraph 36, and states that the audit report speaks for itself, except Evans admits that WithumSmith+Brown issued an unqualified audit report on behalf of BMC.

37.     Evans denies the allegations contained in paragraph 37.

38.     Evans denies the allegations contained in paragraph 38.

**B. As to Allegations Regarding BMC's Bond Covenants**

39.     Evans admits the allegations contained in paragraph 39.

40.     Evans denies the allegations contained in paragraph 40, and states that the Loan Agreement speaks for itself.

41.     Evans denies the allegations contained in paragraph 41, and states that the Loan Agreement speaks for itself.

42.     Evans denies the allegations contained in paragraph 42, and states that the Loan Agreement speaks for itself.

43.     Evans denies the allegations contained in paragraph 43, and states that the Loan Agreement speaks for itself.

44.     Evans denies the allegations contained in paragraph 44, and states that the Loan Agreement speaks for itself.

1123771.01

45. Evans denies the allegations contained in paragraph 45, except Evans admits that BMC submitted financial statements and documentation and obtained annual independent audits in accordance with the requirements of its bond documents.

46. Evans denies the allegations contained in paragraph 46, and states that the Loan Agreement speaks for itself.

47. Evans denies the allegations contained in paragraph 47, and states that the Loan Agreement speaks for itself.

48. Evans denies the allegations contained in paragraph 48, and states that the Loan Agreement speaks for itself.

49. Evans denies the allegations contained in paragraph 49, and states that the Loan Agreement speaks for itself.

### C. As to the Allegations Regarding BMC's Financial Demise

50. Evans denies the allegations contained in paragraph 50, except Evans admits that he reported to BMC's Board regarding BMC's financial condition based on the financial statements that were prepared on behalf of BMC.

51. Evans denies the allegations contained in paragraph 51, and states that BMC's financial statements speak for themselves.

52. Evans denies the allegations contained in paragraph 52, except Evans admits that BMC, like other hospitals, was experiencing financial difficulties that commenced in 2004.

53. Evans denies the allegations contained in paragraph 53, and states that BMC's Board minutes speak for themselves.

54. Evans denies the allegations contained in paragraph 54, and states that BMC's Board minutes speak for themselves.

7

1123771.01

55.     Evans denies the allegations contained in paragraph 55, and states that BMC's "Turnaround Plan" speaks for itself.

56.     Evans denies the allegations contained in paragraph 56, and states that BMC's Board minutes speak for themselves.

57.     Evans denies the allegations contained in paragraph 57.

58.     Evans denies the allegations contained in paragraph 58.

59.     Evans denies the allegations contained in paragraph 59, and states that BMC's financial statements for themselves.

60.     Evans denies the allegations contained in paragraph 60.

61.     Evans denies the allegations contained in paragraph 61.

### D. As to Allegations Regarding Evans' Alleged Actions

62.     Evans denies the allegations contained in paragraph 62.

63.     Evans denies the allegations contained in paragraph 63.

64.     Evans denies the allegations contained in paragraph 64.

65.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and therefore denies the same.

66.     Evans denies the allegations contained in paragraph 66.

### (a) As to the October 2005 $5 Million Pledge

67.     Evans denies the allegations contained in paragraph 67.

68.     Evans denies the allegations contained in paragraph 68, and states that the Pledge speaks for itself.

69.     Evans denies the allegations contained in paragraph 69, and states that the 2005 BMC Balance Sheet speaks for itself.

1123771.01

70.     Evans denies the allegations contained in paragraph 70.

71.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71, and therefore denies the same.

72.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72, and therefore denies the same, except to state that the Promissory Note speaks for itself.

73.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and therefore denies the same, except Evans states that Brockman was aware of the note, signed the note, and never contacted Evans.

74.     Evans denies the allegations contained in paragraph 74.

75.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75.

**(b)     As to Patients Accounts Receivable**

76.     Evans denies the allegations contained in paragraph 76, and states that BMC's financial statements speak for themselves.

77.     Evans denies the allegations contained in paragraph 77, and states that BMC's financial statements speak for themselves.

78.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     Evans denies the allegations contained in paragraph 79.

80.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

**(c)   As to Other Receivables**

1123771.01

81.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

**(d) BMC's Directors' and Officers' Alleged Other Grossly Negligent and Reckless Actions**

**(i)    Alleged Misguided Attempt to Purchase St. Vincent's Hospital**

84.    Evans denies the allegations contained in paragraph 84, except Evans admits that BMC's Board commenced efforts to purchase St. Vincent's in or around December 2005.

85.    Evans denies the allegations contained in paragraph 85, except Evans admits that in or around April 2006, the Board approved the proposed acquisition of St. Vincent's, but the transaction was not consummated during Evans' tenure.

86.    Evans denies the allegations contained in paragraph 86, except Evans admits that that the transaction was not consummated during his tenure at BMC and that moneys were spent in pursuing the transaction to purchase St. Vincent's Hospital.

**(ii)    Alleged Failure to Refinance the NJCHFFA Bonds**

87.    Evans denies the allegations contained in paragraph 87, except Evans admits that in or around 2005-2006, BMC attempted to refinance the NJCHFFA Bonds.

88.    Evans denies the allegations contained in paragraph 88, except Evans admits that in or around 2005-2006, BMC attempted to refinance the NJCHFFA Bonds.

**(iii)    As To Trustee Campbell and His Conflict of Interest Regarding Pamrapo Bank**

10

89.    Evans denies the allegations contained in paragraph 89, except Evans admits that at various times, BMC had a line of credit from Pamrapo Savings Bank.

90.    Evans admits the allegations contained in paragraph 90.

91.    Evans admits the allegations contained in paragraph 91.

92.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

**(iv)    As to BMC's Alleged Overbilling of Third Party Payers**

93.    Evans denies the allegations contained in paragraph 93.

94.    Evans denies the allegations contained in paragraph 94.

95.    Evans denies the allegations contained in paragraph 95.

96.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, but states that the minutes of the Finance Committee speak for themselves.

97.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98

99.    Except to admit that he left BMC at the end of November 2006, Evans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 99

100.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

1123771.01

101.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

**E.    As to the WS&B Audit of BMC's 2005 Consolidated Financial Statements**

102.    Evans admits the allegations contained in paragraph 102.

103.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103.

104.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.  The Report speaks for itself.

106.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.  The Report speaks for itself.

107.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108.

109.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

12

1123771.01

112. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112.

113. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117. Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

### AS TO COUNT I
### Grossly Negligent and Reckless Mispresentation
### (As to Defendant Evans)

118. Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 117 of the Answer.

119. Evans denies the allegations contained in paragraph 119.

120. Evans denies the allegations contained in paragraph 120.

121. Evans denies the allegations contained in paragraph 121.

122. Evans denies the allegations contained in paragraph 122.

123. Evans denies the allegations contained in paragraph 123.

124. Evans denies the allegations contained in paragraph 124.

1123771.01

## AS TO COUNT II
### Breach of Fiduciary Duty
### (As to Defendant Evans)

125.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 124 of the Answer.

126.    Evans denies the allegations contained in paragraph 126.

127.    Evans denies the allegations contained in paragraph 127.

128.    Evans denies the allegations contained in paragraph 128.

129.    Evans denies the allegations contained in paragraph 129.

## AS TO COUNT III
### Fraudulent Transfer – Constructive Fraud
### (As to Defendant Evans)

130.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 129 of the Answer.

131.    The statement in paragraph 131 constitutes a legal conclusion to which no response is required and to which no response is provided.

132.    Evans denies the allegations contained in paragraph 132.

133.    Evans denies the allegations contained in paragraph 133.

134.    Evans denies the allegations contained in paragraph 134.

135.    Evans denies the allegations contained in paragraph 135.

## AS TO COUNT IV
### Fraudulent Transfer – Constructive Fraud
### (As to Defendant Evans)

136.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 135 of the Answer.

14

1123771.01

137.    The statement in paragraph 137 constitutes a legal conclusion to which no response is required and to which no response is provided.

138.    Evans denies the allegations contained in paragraph 138.

139.    Evans denies the allegations contained in paragraph 139.

140.    Evans denies the allegations contained in paragraph 140.

141.    Evans denies the allegations contained in paragraph 141.

## AS TO COUNT V
### Fraudulent Transfer – Constructive Fraud
### (As to Defendant Evans)

142.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 141 of the Answer.

143.    The statement in paragraph 143 constitutes a legal conclusion to which no response is required and to which no response is provided.

144.    Evans denies the allegations contained in paragraph 144.

145.    Evans denies the allegations contained in paragraph 145.

146.    Evans denies the allegations contained in paragraph 146.

147.    Evans admits the allegations contained in paragraph 147.

148.    Evans denies the allegations contained in paragraph 148.

149.    Evans denies the allegations contained in paragraph 149.

## AS TO COUNT VI
### Fraudulent Transfer – N.J.S.A. 25:2-27
### (As to Defendant Evans)

150.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 149 of the Answer.

15

1123771.01

151.    The statement in paragraph 151 constitutes a legal conclusion to which no response is required and to which no response is provided.

152.    Evans denies the allegations contained in paragraph 152.

153.    Evans denies the allegations contained in paragraph 153.

154.    Evans denies the allegations contained in paragraph 154.

155.    Evans denies the allegations contained in paragraph 155.

156.    Evans denies the allegations contained in paragraph 156.

**AS TO COUNT VII**
**Unjust Enrichment**
**(As to Defendant Evans)**

157.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 156 of the Answer.

158.    Evans denies the allegations contained in paragraph 158.

159.    Evans denies the allegations contained in paragraph 159.

**AS TO COUNT VIII**
**Breach of Directors' Fiduciary Duty - Supervision**
**(As to Defendants Brockman, Garelick, Campbell, Mill, Finnerty, Levine, Ward & Wozniak)**

160.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 159 of the Answer.

161.    Except to state that John Grywalski also sat on the Board's Executive and Finance Committee until October 2005, Evans admits the allegations contained in paragraph 161.

162.    Evans denies the allegations contained in paragraph 162.

163.    Evans denies the allegations contained in paragraph 163.

164.    Evans denies the allegations contained in paragraph 164.

1123771.01

## AS TO COUNT IX
### Breach of Directors' Fiduciary Duty –
### Failure to Protect Corporate Assets
(As to Defendants Brockman, Garelick, Campbell, Mill, Finnerty, Levine, Ward & Wozniak)

165.     Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 164 of the Answer.

166.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166.

167.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167.

168.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168.

169.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169.

## AS TO COUNT X
### Breach of Directors' Fiduciary Duty –
### Waste of Corporate Assets
(As to Defendants Brockman, Garelick, Campbell, Mill, Finnerty, Levine, Ward & Wozniak)

170.     Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 169 of the Answer.

171.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171.

172.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172.

173.     Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173.

17

1123771.01

174.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174.

## AS TO COUNT XI
### Accountant Malpractice
(As to Defendant WS&B)

175.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 174 of the Answer.

176.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176.

177.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177.

178.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178.

179.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179.

## AS TO COUNT XII
### Avoidance and Recovery of Preferential Transfer
(As to Defendant WS&B)

180.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 179 of the Answer.

181.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181.

182.    Evans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182.

1123771.01

183.    The statement in paragraph 183 constitutes a statement to which no response is required and to which no response is provided.

184.    The statement in paragraph 184 constitutes a statement to which no response is required and to which no response is provided.

185.    The statement in paragraph 185 constitutes a statement to which no response is required and to which no response is provided.

186.    The statement in paragraph 186 constitutes a statement to which no response is required and to which no response is provided.

187.    The statement in paragraph 187 constitutes a statement to which no response is required and to which no response is provided.

188.    The statement in paragraph 188 constitutes a statement to which no response is required and to which no response is provided.

## AS TO COUNT XII
### Attorneys' Fees and Costs

189.    Evans realleges and incorporates by reference as if more fully set forth herein its answers to each and every paragraph contained in paragraphs 1 through 188 of the Answer.

190.    Evans denies the allegations contained in paragraph 190.

**WHEREFORE**, Evans demands judgment dismissing the Adversary Complaint against him, together with costs of suit and such other and further relief as the Court deems appropriate and just.

19

1123771.01

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim against Evans upon which relief may be granted.

2.    The Complaint fails to state a claim on which Evans can be held liable.

3.    Plaintiff does not have standing to pursue the relief as sought in the Complaint.

4.    Plaintiff has failed to allege with particularity any alleged fraud committed by Evans.

5.    Evans made no misrepresentations and omissions of past and present facts regarding BMC's financial condition and operations.

6.    BMC did not reasonably rely on any purported misrepresentations or omissions allegedly made by Evans.

7.    The bonus received by Evans does not constitute a fraudulent transfer pursuant to Section 548(a) of the Bankruptcy Code.

8.    The bonus received by Evans was paid pursuant to Evans' employment contract with BMC.

9.    Evans provided services to BMC as set forth in his employment agreement with BMC, and as such BMC received reasonably equivalent value in exchange for paying the bonus to Evans.

10.    BMC was not insolvent on the date that it paid the bonus to Evans and if BMC was insolvent, Evans was without knowledge of the insolvency.

11.    The payment of the bonus to Evans was in the ordinary course of BMC's business.

12.    Plaintiff's claims are barred, in whole or in part, by the occurrence or non-occurrence of certain contingent events, over which Evans had no control.

20

13.     Evans acted in good faith at all times relevant to the allegations contained in the Complaint.

14.     Recovery is barred in this action, in whole or part, by the contributory and/or comparative negligence of defendants Herman Brockman, Theodore Garelick, William J. Campbell, Robert C. Mill, William J. Finnerty, Howard Levine, Anthony Ward, Deborah Wozniak, and WithumSmith + Brown, P.C.

15.     Evans did not breach any duties or obligations of any kind, whether arising from common law, statute, contract or otherwise.

16.     Plaintiff has not sustained any damages as a result of any act or omission of Evans.

17.     Any injuries or damages for which plaintiff seeks recovery are the proximate result of the actions and/or negligence of other persons or entities, their agents, employees, and/or affiliates, over whom Evans had no control and for whose actions Evans was not responsible or liable.

18.     Evans' actions were and continue to be protected by the Business Judgment Rule.

19.     Evan relied upon, and had a right to rely upon, the authority of other responsible parties to conduct their activities in a reasonable manner, and in compliance with all applicable laws and regulations.

20.     Plaintiff's claims fail to state a claim for attorneys' fees.

21.     Plaintiff's claims fail to state a claim for punitive damages.

22.     While denying all liability to plaintiff, if Evans is found to be liable, its liability, if any, is secondary, vicarious and purely technical, while the sole and primary liability rests with defendants Herman Brockman, Theodore Garelick, William J. Campbell, Robert C. Mill,

21

William J. Finnerty, Howard Levine, Anthony Ward, Deborah Wozniak, and WithumSmith + Brown, P.C.

23.    Evans reserves the right to supplement these affirmative defenses up to and including the time of trial.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant Robert H. Evans

By: /s/ David L. Bruck
    DAVID L. BRUCK, ESQ.

**Dated: July 7, 2009**

22

1123771.01

## CROSS CLAIMS

By way of cross claims against defendants Herman Brockman, Theodore Garelick, William J. Campbell, Robert C. Mill, William J. Finnerty, Howard Levine, Anthony Ward, Deborah Wozniak, and WithumSmith + Brown, P.C. (collectively, "Defendants") states:

1.      While denying all liability to plaintiff, if Evans is found to be liable, his liability, if any, is secondary, vicarious and purely technical, while the sole and primary liability rests with Defendants and, accordingly, Evans is entitled to common law indemnity from Defendants.

2.      While denying all liability to plaintiff, if Evans is found to be liable, Evans asserts that Defendants are joint tortfeasors and hereby demands contribution and indemnification to any adverse verdict from plaintiff pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., and the Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1 et seq., if applicable.

WHEREFORE, Evans demands judgment against Defendants for all costs incurred in defense of this suit and for the amount of any judgment which may be rendered against plaintiff, and in favor of Evans herein, plus interest, attorneys' fees and costs.

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant Robert H. Evans

By: /s/ David L. Bruck
DAVID L. BRUCK, ESQ.

**Dated: July 7, 2009**

23

1123771.01

## THIRD PARTY COMPLAINT

Defendant Robert H. Evans ("Evans"), by way of third party complaint against Paul Mohrle ("Mohrle") and Heather Aaron ("Aaron"), hereby says as follows:

## PARTIES

1.      Mohrle, residing at 126 Piaget Avenue, Clifton, New Jersey, 07045, was, from September 2006, Vice President of Finance and a Member of the Finance Committee of Bayonne Medical Center ("BMC").

2.      Mohrle, was, from June 2006, "Acting Chief Financial Officer" of BMC.

3.      Aaron, residing at 3806 Cranberry Lane, Shrub Oak, New York 10588, was, from on or around April 2004 until June 2006, the Chief Financial Officer of BMC and a member of its Finance Committee.

4.      During their employment with BMC, Mohrle and Aaron were responsible for and oversaw the preparation of BMC's financial statements, and were involved in all significant financial decisions of BMC.

## FIRST COUNT

1.      While Evans denies any liability to plaintiff, he alleges that if any judgment is recovered by plaintiff against him, then his negligence or liability was merely constructive, passive, imputed, vicarious or secondary and that the negligence or liability of Mohrle and Aaron was primary, direct and active, and that, therefore, Evans is entitled to full indemnification from Mohrle and Aaron.

**WHEREFORE**, Evans demands judgment for indemnification against Mohrle and Aaron, including disbursements, attorney's fees and costs of suit.

24

1123771.01

## SECOND COUNT

1.      The allegations of the First Count are repeated as though fully set forth herein.

2.      While denying any negligence on its part, or any liability to plaintiff, Evans alleges that if he is adjudged to be negligent and/or liable to plaintiff, then the conduct of Mohrle and Aaron is such as to render each of them a joint tortfeasor under the provisions of the Joint Tortfeasors Contribution Act.

**WHEREFORE,** if plaintiff recovers a judgment against Evans, Evans demands judgment against Mohrle and Aaron for their pro rata shares of any such judgment pursuant to the provisions of the Joint Tortfeasors Contribution Act and the Comparative Negligence Act.


GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Defendant Robert H. Evans


By: /s/ David L. Bruck
    DAVID L. BRUCK, ESQ.


**Dated: July 7, 2009**


## JURY DEMAND

Defendant Robert H. Evans demands a jury trial in the District Court and does not consent to a jury trial in the Bankruptcy Court.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Defendant Robert H. Evans


By: /s/ David L. Bruck
    DAVID L. BRUCK, ESQ.


**Dated: July 7, 2009**

25

1123771.01