Prepared by:
Donald F. Campbell, Jr. (DC8924)

**GIORDANO, HALLERAN & CIESLA, P.C.**
P.O. Box 190, Middletown, N.J. 07748
(732) 741-3900

Attorneys for WithumSmith+Brown, PC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re<br><br>　　　　BAYONNE MEDICAL CENTER,<br><br>Debtor. | Chapter 11<br><br>Case No.　07-15195 (MS) |
| THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF BAYONNE<br>MEDICAL CENTER,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>ROBERT H. EVANS, HERMAN BROCKMAN,<br>THEODORE GARELICK, WILLIAM J.<br>CAMPBELL, ROBERT C. MILL, WILLIAM<br>J. FINNERTY, HOWARD LEVINE,<br>ANTHONY WARD, DEBORAH WOZNIAK, AND<br>WITHUMSMITH+BROWN, PC,<br><br>　　　　　　　　Defendants, | Adv. No. 09-1688 (MS)<br><br>Judge: Hon. Morris Stern, U.S.B.J. |
| WITHUMSMITH+BROWN, PC,<br><br>　　　　Third Party Plaintiff,<br><br>v.<br><br>PAUL MOHRLE, HEATHER AARON, OMNI<br>ASSET MANAGEMENT LLC, and AVERY<br>EISENREICH,<br><br>　　　　Third Party Defendants. | **WITHUMSMITH+BROWN'S ANSWER TO THE<br>ADVERSARY COMPLAINT, AFFIRMATIVE<br>DEFENSES, JURY DEMAND, CROSS CLAIM<br>AND THIRD PARTY COMPLAINT** |

Defendant, WithumSmith+Brown, P.C. ("WS+B"), by way of answer to the complaint of the Official Committee of Unsecured Creditors of Bayonne Medical Center, ("Plaintiff") says:

## JURISDICTION

1. WS+B neither admits nor denies the allegations contained in paragraph 1 of the complaint as such allegations are of a legal nature.

2. WS+B neither admits nor denies the allegations contained in paragraph 2 of the complaint as such allegations are of a legal nature.

3. WS+B neither admits nor denies the allegations contained in paragraph 3 of the complaint as such allegations are of a legal nature.

4. WS+B neither admits nor denies the allegations contained in paragraph 4 of the complaint as such allegations are of a legal nature.  WS+B does not consent to entry of final orders or judgment by the bankruptcy judge.

5. WS+B neither admits nor denies the allegations contained in paragraph 5 of the complaint as such allegations are of a legal nature.

## PARTIES

6. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, and leaves plaintiff to its proofs.

2

7. The allegations contained in paragraph 7 of the complaint are the subject of a writing. WS+B denies any variation between the allegations and said document.

8. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, and leaves plaintiff to its proofs.

9. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 complaint, and leaves plaintiff to its proofs.

10. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 complaint, and leaves plaintiff to its proofs.

11. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 complaint, and leaves plaintiff to its proofs.

12. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 complaint, and leaves plaintiff to its proofs.

13. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 complaint, and leaves plaintiff to its proofs.

14. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 complaint, and leaves plaintiff to its proofs.

15.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 complaint, and leaves plaintiff to its proofs.

16.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 complaint, and leaves plaintiff to its proofs.

17.   Admitted that WithumSmith+Brown, P.C. is a New Jersey professional corporation staffed with certified public accountants licensed to practice accounting in New Jersey and at all relevant times to this complaint WS+B maintained its principal place of business at 5 Vaughn Drive, Princeton, New Jersey 08540 and audited BMC's December 31, 2005 financial statements and issued an audit report dated February 22, 2006.

18.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 complaint, and leaves plaintiff to its proofs.

19.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 complaint, and leaves plaintiff to its proofs.

### **PROCEDURAL HISTORY**

20.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 complaint, and leaves plaintiff to its proofs.

21.   The allegations contained in paragraph 21 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

22.   The allegations contained in paragraph 22 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

23.   The allegations contained in paragraph 23 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

24.   The allegations contained in paragraph 24 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

25.   The allegations contained in paragraph 25 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

**FACTUAL ALLEGATIONS**

**A.   Summary of Allegations**

26.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 complaint, and leaves plaintiff to its proofs.

27.   WS+B neither admits nor denies the allegations contained in paragraph 27 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

5

28.   WS+B neither admits nor denies the allegations contained in paragraph 28 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

29.   WS+B neither admits nor denies the allegations contained in paragraph 29 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

30.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 complaint, and leaves plaintiff to its proofs.

31.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 complaint, and leaves plaintiff to its proofs.

32.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 complaint, and leaves plaintiff to its proofs.

33.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 complaint, and leaves plaintiff to its proofs.

34.   WS+B admits that it audited BMC's financial statements and issued an audit report dated February 22, 2006.  Defendant denies the remaining allegations contained in paragraph 34 of the complaint.

35.   WS+B admits that it audited BMC's financial statements and issued an audit report dated February 22, 2006.  Defendant

denies the remaining allegations contained in paragraph 35 of the complaint.

36.  WS+B denies the allegations contained in paragraph 36 of the complaint.

37.  WS+B denies the allegations contained in paragraph 37 of the complaint.

38.  WS+B denies the allegations contained in paragraph 38 of the complaint as it relates to WS+B.

**B.    BMC's Bond Covenants**

39.  WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 complaint, and leaves plaintiff to its proofs.

40.  The allegations contained in paragraph 40 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

41.  WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 complaint, and leaves plaintiff to its proofs.

42.  WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 complaint, and leaves plaintiff to its proofs.

43.  WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 complaint, and leaves plaintiff to its proofs.

44.   The allegations contained in paragraph 44 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

45.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 complaint, and leaves plaintiff to its proofs.

46.   The allegations contained in paragraph 46 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

47.   The allegations contained in paragraph 47 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

48.   The allegations contained in paragraph 48 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

49.   The allegations contained in paragraph 49 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

**C.   <u>Overview of BMC's Financial Demise</u>**

50.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint, and leaves plaintiff to its proofs.

51.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the complaint, and leaves plaintiff to its proofs.

52.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint, and leaves plaintiff to its proofs.

53.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint, and leaves plaintiff to its proofs.

54.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint, and leaves plaintiff to its proofs.

55.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the complaint, and leaves plaintiff to its proofs.

56.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint, and leaves plaintiff to its proofs.

57.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the complaint, and leaves plaintiff to its proofs.

58.   WS+B neither admits nor denies the allegations contained in paragraph 58 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

9

59.  WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the complaint, and leaves plaintiff to its proofs.

60.  WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the complaint, and leaves plaintiff to its proofs.

61.  WS+B neither admits nor denies the allegations contained in paragraph 61 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

**D.   Evans Recklessly Concealed BMC's Worsening Financial Condition and Ultimate Insolvency and the Trustee Defendants Were Grossly Negligent and Reckless in Failing to Supervise Evans and Discover His Misconduct**

62.  WS+B neither admits nor denies the allegations contained in paragraph 62 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

63.  WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the complaint, and leaves plaintiff to its proofs.

64.  WS+B neither admits nor denies the allegations contained in paragraph 64 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

65.  WS+B neither admits nor denies the allegations contained in paragraph 65 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

10

66. WS+B neither admits nor denies the allegations contained in paragraph 66 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

67. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the complaint, and leaves plaintiff to its proofs.

68. The allegations contained in paragraph 68 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

69. The allegations contained in paragraph 69 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

70. WS+B neither admits nor denies the allegations contained in paragraph 70 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

71. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the complaint, and leaves plaintiff to its proofs.

72. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the complaint, and leaves plaintiff to its proofs.

73. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the complaint, and leaves plaintiff to its proofs.

74.   WS+B neither admits nor denies the allegations contained in paragraph 74 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

75.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the complaint, and leaves plaintiff to its proofs.

76.   WS+B denies the allegations contained in paragraph 76 of the complaint.

77.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the complaint, and leaves plaintiff to its proofs.

78.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the complaint, and leaves plaintiff to its proofs.

79.   WS+B denies the allegations contained in paragraph 79 of the complaint.

80.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the complaint, and leaves plaintiff to its proofs.

81.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the complaint, and leaves plaintiff to its proofs.

82.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the complaint, and leaves plaintiff to its proofs.

83.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 83 complaint, and leaves plaintiff to its proofs.  The allegations contained in the third sentence of paragraph 83 of the complaint are the subject of a writing. WS+B denies any variation between the allegations and said document.

84.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the complaint, and leaves plaintiff to its proofs.

85.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the complaint, and leaves plaintiff to its proofs.

86.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the complaint, and leaves plaintiff to its proofs.

87.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the complaint, and leaves plaintiff to its proofs.

88.   WS+B neither admits nor denies the allegations contained in paragraph 88 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

89.   The allegations contained in paragraph 89 of the complaint are the subject of a writing.   WS+B denies any variation between the allegations and said document.

90.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the complaint, and leaves plaintiff to its proofs.

91.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the complaint, and leaves plaintiff to its proofs.

92.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the complaint, and leaves plaintiff to its proofs.

93.   WS+B denies the allegations contained in paragraph 93 of the complaint.

94.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the complaint, and leaves plaintiff to its proofs.

95.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the complaint, and leaves plaintiff to its proofs.

96.   The allegations contained in paragraph 96 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

97.   The allegations contained in paragraph 97 of the complaint is the subject of a writing.  WS+B denies any variation between the allegations and said document.

98.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the complaint, and leaves plaintiff to its proofs.

99.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the complaint, and leaves plaintiff to its proofs.

100. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the complaint, and leaves plaintiff to its proofs.

101. WS+B admits that BMC filed for bankruptcy on April 16, 2007 but denies the remaining allegations contained in paragraph 101 of the complaint.

**E.   The WS+B Audit of BMC's 2005 Consolidated Financial Statements**

102. WS+B admits that it audited BMC's financial statements and issued an audit report dated February 22, 2006.  Defendant denies the remaining allegations contained in paragraph 102 of the complaint.

15

103. WS+B denies the allegations contained in paragraph 103 of the complaint.

104. WS+B admits that its audit was conducted in accordance with GAAS and denies the remaining allegations contained in paragraph 104 of the complaint.

105. The allegations contained in paragraph 105 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

106. The allegations contained in paragraph 106 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

107. WS+B denies the allegations contained in paragraph 107 of the complaint.

108. WS+B denies the allegations contained in paragraph 108 of the complaint.

109. WS+B denies the allegations contained in paragraph 109 of the complaint.

110. WS+B denies the allegations contained in paragraph 110 of the complaint.

111. WS+B neither admits nor denies the allegations contained in paragraph 111 complaint as plaintiff fails to specify what GAAS is referenced and, further, the paragraph states a legal conclusion.

112. WS+B denies the allegations contained in paragraph 112 of the complaint.

113. WS+B denies the allegations contained in paragraph 113 of the complaint.

114. WS+B denies the allegations contained in paragraph 114 of the complaint.

115. WS+B neither admits nor denies the allegations contained in paragraph 115 of the complaint to the extent the allegations are legal in nature.  To the extent the allegations contained in paragraph 115 of the complaint are the subject of a writing, WS+B denies any variation between the allegations and said document.

116. WS+B denies the allegations contained in paragraph 116 of the complaint.

117. WS+B denies the allegations contained in paragraph 117 of the complaint.

## COUNT I

### GROSSLY NEGLIGENT AND RECKLESS MISREPRESENTATION
(As to Defendant Evans)

118. WS+B incorporates by reference, in lieu of repetition, its answers to paragraphs 1-117 of the complaint.

119. WS+B neither admits nor denies the allegations contained in paragraph 119 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

120. WS+B neither admits nor denies the allegations contained in paragraph 120 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

121.  WS+B neither admits nor denies the allegations contained in paragraph 121 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

122. WS+B neither admits nor denies the allegations contained in paragraph 122 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

123. WS+B neither admits nor denies the allegations contained in paragraph 123 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

124. WS+B neither admits nor denies the allegations contained in paragraph 124 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

**COUNT II**

**BREACH OF FIDUCIARY DUTY**
(As to Defendant Evans)

125. WS+B incorporates by reference, in lieu of repetition, its answers to paragraphs 1-124 and Count I of the complaint.

126. WS+B neither admits nor denies the allegations contained in paragraph 126 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

127. WS+B neither admits nor denies the allegations contained in paragraph 127 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

128. WS+B neither admits nor denies the allegations contained in paragraph 128 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

129. WS+B neither admits nor denies the allegations contained in paragraph 129 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

## COUNT III

### FRAUDULENT TRANSFER-CONSTRUCTIVE FRAUD
(As to Defendant Evans)

130. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-129 of the complaint.

131. WS+B neither admits nor denies the allegations contained in paragraph 131 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

132. WS+B neither admits nor denies the allegations contained in paragraph 132 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

19

133. WS+B neither admits nor denies the allegations contained in paragraph 133 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

134. WS+B neither admits nor denies the allegations contained in paragraph 134 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

135. WS+B neither admits nor denies the allegations contained in paragraph 135 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

## COUNT IV

### FRAUDULENT TRANSFER–CONSTRUCTIVE FRAUD
(As to Defendant Evans)

136. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-135 of the complaint.

137. WS+B neither admits nor denies the allegations contained in paragraph 137 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

138. WS+B neither admits nor denies the allegations contained in paragraph 138 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

139. WS+B neither admits nor denies the allegations contained in paragraph 139 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

140. WS+B neither admits nor denies the allegations contained in paragraph 140 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

141. WS+B neither admits nor denies the allegations contained in paragraph 141 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

**COUNT V**

**FRAUDULENT TRANSFER-CONSTRUCTIVE FRAUD**
(As to Defendant Evans)

142. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-141 of the complaint.

143. WS+B neither admits nor denies the allegations contained in paragraph 143 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

144. WS+B neither admits nor denies the allegations contained in paragraph 144 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

145. WS+B neither admits nor denies the allegations contained in paragraph 145 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

146.   WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the complaint, and leaves plaintiff to its proofs.

147. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the complaint, and leaves plaintiff to its proofs.

148. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the complaint, and leaves plaintiff to its proofs.

149. WS+B neither admits nor denies the allegations contained in paragraph 149 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

## COUNT VI

### FRAUDULENT TRANSFER-N.J.S.A. 25:2-27
(As to Defendant Evans)

150. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-149 of the complaint.

151. WS+B neither admits nor denies the allegations contained in paragraph 151 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

152. WS+B neither admits nor denies the allegations contained in paragraph 152 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

153. WS+B neither admits nor denies the allegations contained in paragraph 153 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

154. WS+B neither admits nor denies the allegations contained in paragraph 154 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

155. WS+B neither admits nor denies the allegations contained in paragraph 155 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

156. WS+B neither admits nor denies the allegations contained in paragraph 156 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

**COUNT VII**

**UNJUST ENRICHMENT**
(As to Defendant Evans)

157. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-156 of the complaint.

158. WS+B neither admits nor denies the allegations contained in paragraph 158 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

159. WS+B neither admits nor denies the allegations contained in paragraph 159 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

## COUNT VIII

### BREACH OF DIRECTOR'S FIDUCIARY DUTY-SUPERVISION
(As to Defendants Brockman, Garelick, Campbell, Mill, Finnerty, Levine, Ward & Wozniak)

160. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-159 of the complaint.

161. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the complaint, and leaves plaintiff to its proofs.

162. WS+B neither admits nor denies the allegations contained in paragraph 162 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

163. WS+B neither admits nor denies the allegations contained in paragraph 163 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

164. WS+B neither admits nor denies the allegations contained in paragraph 164 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

## COUNT IX

### BREACH OF DIRECTOR'S FIDUCIARY DUTY-FAILURE TO PROTECT CORPORATE ASSETS
(As to Defendants Brockman, Garelick, Campbell, Mill, Finnerty, Levine, Ward & Wozniak)

165. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-164 of the complaint.

24

166. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 complaint, and leaves plaintiff to its proofs.

167. WS+B neither admits nor denies the allegations contained in paragraph 167 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

168. WS+B neither admits nor denies the allegations contained in paragraph 168 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

169. WS+B neither admits nor denies the allegations contained in paragraph 169 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

## COUNT X

### BREACH OF DIRECTOR'S FIDUCIARY DUTY-WASTE OF CORPORATE ASSETS
(As to Defendants Brockman, Garelick, Campbell, Mill, Finnerty, Levine, Ward & Wozniak)

170. WS+B incorporates by reference, in lieu of repetition its answers to the paragraphs 1-169 of the complaint.

171. WS+B neither admits nor denies the allegations contained in paragraph 171 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

172. WS+B neither admits nor denies the allegations contained in paragraph 172 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

25

173. WS+B neither admits nor denies the allegations contained in paragraph 173 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

174. WS+B neither admits nor denies the allegations contained in paragraph 174 as the allegations are not directed to WS+B and therefore a responsive pleading is not required.

### COUNT XI

### ACCOUNT MALPRACTICE
(As to Defendant WS+B)

175. WS+B incorporates by reference, in lieu of repetition its answers to the paragraphs 1-174 of the complaint.

176. WS+B admits that the audit was conducted in accordance with GAAS.  WS+B neither admits nor denies the remaining allegations contained in paragraph 176 of the complaint as they are a legal conclusion.

177. WS+B denies the allegations contained in paragraph 177 of the complaint.

178. WS+B denies the allegations contained in paragraph 178 of the complaint.

179. WS+B denies the allegations contained in paragraph 179 of the complaint.

26

### COUNT XII

### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER
(As to Defendant WS+B)

180. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-180 of the complaint.

181. The allegations contained in paragraph 181 of the complaint are the subject of a writing.  WS+B denies any variation between the allegations and said document.

182. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the complaint, and leaves plaintiff to its proofs.

183. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of the complaint, and leaves plaintiff to its proofs.

184. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of the complaint, and leaves plaintiff to its proofs.

185. WS+B denies the allegations contained in paragraph 185 of the complaint.

186. WS+B denies the allegations contained in paragraph 186 of the complaint.

187. WS+B is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 of the complaint, and leaves plaintiff to its proofs.

188. WS+B denies the allegations contained in paragraph 188 of the complaint.

## COUNT XIII

### ATTORNEYS FEES AND COSTS

189. WS+B incorporates by reference, in lieu of repetition, its answers to the paragraphs 1-189 of the complaint.

190. WS+B denies the allegations contained in paragraph 190 of the complaint.

**WHEREFORE**, Defendant WithumSmith+Brown, PC demands judgment dismissing the complaint herein plus attorneys' fees, costs of suit and such other relief as the court deems equitable and just.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The complaint herein fails to state a claim upon which relief can be granted and the WS+B reserves the right to move at or before the time of trial to dismiss same.

### SECOND SEPARATE DEFENSE

The plaintiff is estopped from proceeding with this alleged cause of action.

### THIRD SEPARATE DEFENSE

WS+B breached no duty owed to plaintiff.

28

### FORTH SEPARATE DEFENSE

Plaintiff's claims are barred and the complaint should be dismissed pursuant to the "Entire Controversy Doctrine".

### FIFTH SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of unclean hands.

### SIXTH SEPARATE DEFENSE

Any and all injuries sustained were the result of a third party over whom the WS+B had no control.

### SEVENTH SEPARATE DEFENSE

There was no privity between the plaintiff and WS+B.

### EIGHTH SEPARATE DEFENSE

WS+B is entitled to set-offs from plaintiff against the claims asserted herein which exceed the amount of the claim herein.

### NINTH SEPARATE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom the WS+B had no control.

### TENTH SEPARATE DEFENSE

The damages of the claimant, if any, are as limited by the applicable laws of the State of New Jersey as respects comparative negligence.

## ELEVENTH SEPARATE DEFENSE

Demand and claim for contribution under the terms and conditions of the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:53A-1, et seq.) is made against all co-defendants in this matter.

## TWELFTH SEPARATE DEFENSE

Plaintiff's injuries are as a result of its own intentional, wanton and malicious acts.  Thus, plaintiff is barred from recovery.

## THIRTEENTH SEPARATE DEFENSE

WS+B is entitled to a determination of the percentage shares of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages, as the obligation, if any, of the WS+B to respond in damages should not exceed its percentage share.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's complaint fails to state a claim for punitive damages.

## FIFTEENTH SEPARATE DEFENSE

Any action of WS+B was not the proximate cause of any harm or loss to plaintiff.

## SIXTEENTH SEPARATE DEFENSE

The transfers referred to in count twelve of the Complaint were in payment of debt incurred in the ordinary

30

course of business and were made in the ordinary course of business and thus cannot be avoided as preferences pursuant to 11 U.S.C. § 547(c)(2).

### SEVENTEENTH AFFIRMATIVE DEFENSE

The transfers referred to in count twelve of the Complaint may not be avoided by the Trustee since, after such transfers, WS+B gave subsequent new value to or for the benefit of the Debtor pursuant to 11 U.S.C. § 547(c)(4).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Debtor was solvent at the time when the alleged transfers were made.

### NINETEENTH AFFIRMATIVE DEFENSE

Payments made by Debtor to WS+B are not avoidable because WS+B took same for value and good faith, and without knowledge of the voidability of the transfer.

### TWENTIETH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff from WS+B is subject to an existing set off of rights in favor of WS+B as set forth in 11 U.S.C. § 553.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Transfers were intended by Debtor and WS+B to be a contemporaneous exchange and, in fact, were substantially a contemporaneous exchange.

31

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to file the complaint against WS+B.

## CROSS CLAIM FOR CONTRIBUTION

WS+B denies liability with respect to plaintiff's claims. However, if WS+B is adjudged liable, then WS+B demands contribution from all co-defendants, Robert Evans, Herman Brockman, Theodore Garelick, William J. Campbell, Robert C. Mill, William J. Finnerty, Howard Levine, Anthony Ward and Deborah Wozniak, pursuant to the provisions of New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A.

## CROSS CLAIM FOR INDEMNIFICATION

WS+B denies any liability with respect to plaintiff's claims.  However, if WS+B is adjudged liable to plaintiff, WS+B demands indemnification from co-defendants Robert H. Evans, Herman Brockman, Theodore Garelick, William J. Campbell, Robert C. Mill, William J. Finnerty, Howard Levine, Anthony Ward and Deborah Wozniak.

## THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff WithumSmith+Brown, P.C. ("WS+B"), by way of third party complaint against third party defendants Paul Mohrle, Heather Aaron, Omni Asset Management, LLC and Avery Eisenreich, hereby says as follows:

32

**THE PARTIES**

1.   WS+B is a New Jersey professional corporation staffed with certified public accountants licensed to practice accounting in New Jersey.  At all times relevant to this complaint, WS+B maintained its principal place of business at 5 Vaughn Drive, Princeton, New Jersey 08540.

2.   Robert Evans, residing at 52 Rockledge Road, Montville, NJ 07045 was, at all relevant times herein, President of Bayonne Medical Center ("BMC") and a member of the Finance Committee of BMC.

3.   Paul Mohrle, residing at 126 Piaget Avenue, Clifton, NJ 07011 was, at all relevant times herein, Director of Finance of BMC, the Acting Chief Financial Officer of BMC and/or the Chief Financial Officer of BMC and a member of its Finance Committee.

4.   Heather Aaron, residing at 3806 Cranberry Lane, Shrub Oak, NY 10588, was, at all relevant times herein, the Chief Financial Officer of BMC and a member of its Finance Committee.

5.   Omni Asset Management LLC is a New Jersey limited liability company with an address of 26 Journal Square, Suite 16, Jersey City, New Jersey.

6.   Avery Eisenreich is the Chief Executive Officer and owner of Omni Asset Management LLC.

## FIRST COUNT

7.   In its complaint plaintiff The Official Committee of Unsecured Creditors of Bayonne Medical Center alleges that BMC, an acute care hospital, providing healthcare services located in the City of Bayonne, Hudson County, New Jersey, filed a petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code on April 16, 2007.

8.   Plaintiff alleges that in performing an audit of BMC's and BMC Foundation's consolidated financial statements as of December 31, 2005, WS+B deviated from GAAP and negligently failed to discover that BMC's financial statements did not fairly represent BMC's financial condition, in accordance with GAAP.

9.   Among other allegations, plaintiff claims that WS+B deviated from GAAP and GAAS in its treatment and consideration of a $5 million pledge; specifically, plaintiff alleges WS+B should have determined the pledge was uncollectible and should not have been included as revenue.

10.  Plaintiff further alleges that WS+B deviated from GAAS in failing to determine that BMC's patient account receivables and related reserve as set forth in the December 31, 2005 financial statements were not in accordance with GAAP or the practices of the New Jersey acute care hospitals.

34

11. Plaintiff further alleges that WS+B failed to perform its audit in accordance with GAAS by failing to identify that BMC was in violation of a loan agreement by failing to maintain a certain debt service coverage ratio and that the December 31, 2005 financial statements did not present fairly in all material respects BMC's consolidated financial position in accordance with GAAP.

12. Plaintiff alleges that WS+B's purported negligence allowed BMC to continue operating unprofitably, causing it to lose its remaining assets, go insolvent and deepen its insolvency until BMC finally filed for bankruptcy in April 2007.

13. While WS+B denies that it is in any way obligated or liable under the claims for relief asserted against it by plaintiff, if BMC's financial statements did not fairly represent BMC's financial condition, as alleged in the complaint, this resulted from the negligence, fraud or other wrongful conduct by third party defendants Aaron and Mohrle and/or cross-claim defendant Evans, who were responsible for the preparation of and oversaw the preparation of the financial statements and who concealed from WS+B that the financial statements were false and misleading or otherwise inaccurate.

14. While WS+B denies that it is in any way obligated or liable under the claims for relief asserted against it by plaintiff, WS+B alleges against third party defendants that:

35

a. Any obligation imposed upon defendant/third party plaintiff to respond in damages could only be as a result of an operation of law, whereas the actual fault or negligence is that of Aaron and Mohrle and/or cross-claim defendant Evans.

b. Any obligation of the defendant/third party plaintiff to respond in damages to plaintiff is based upon the alleged false and misleading 2005 financial statements prepared by or on behalf of Aaron and Mohrle and/or Evans, for these defendants are liable in whole or in part for the damages alleged by plaintiff and for WS+B is entitled to recover indemnification or contribution.

c. The parties against whom this claim is asserted and/or Evans are obligated under the terms and provisions of the Joint Tortfeasors Contribution Act (N.J.S.A. 2A:53A, et seq.) and the New Jersey Comparative Negligence Act (N.J.S.A. 2A:15-5.1 to 5.8) for their pro-rata share of any judgment.

d. The defendant/third party plaintiff is entitled to a determination of the percentage shares of responsibility of all tortfeasors whose fault contributed to the claimed injuries and damages, as the obligation, if any, of the defendant/third party

36

plaintiff to respond in damages should not exceed its

percentage share.

**WHEREFORE**, the defendant/third party plaintiff demands

judgment for common law and contractual indemnification,

contribution and/or apportionment of responsibility from third

party defendants Heather Aaron and Paul Mohrle.

### SECOND COUNT

15.   WS+B incorporates by reference, in lieu of repetition,

the facts set forth in the First Count of the third party

complaint.

16.   Plaintiff alleges that in October 2005 Evans obtained

a $5 million pledge from Omni Asset Management LLC ("Omni"),

which was to be payable in five annual $1 million installments

commencing in June 2006.

17.   This pledge was confirmed in a writing signed by

Eisenreich in or about March 2006 (the "Confirmation Letter"), a

copy of which is attached as Exhibit A.

18.   Plaintiff further alleges that even though Omni made a

$1 million payment in June 2006, seemingly in accordance with

the pledge, it has not, upon information and belief, made any

other payments to BMC in fulfillment of the pledge.

19.   Eisenreich claims that the OAM Pledge is not legally

binding based, in part, upon a purported letter from Evans, not

provided to WS+B.

20.   Plaintiff alleges that WS+B deviated from GAAS by, among other things, failing to consider the collectability of the pledge and whether BMC had made adequate provision for a reserve regarding the pledge.

21.   While WS+B denies that it is in any way obligated or liable under the claims for relief asserted against it by plaintiff, if the pledge is uncollectible or is a sham, this resulted from the negligence, fraud or other wrongful conduct by third party defendants Omni Asset Management and Eisenreich and/or cross-claimant defendant Evans and/or third party defendants Aaron and Mohrle, whose actions were concealed from WS+B, were false and misleading or were otherwise deceptive.

22.   While WS+B denies that it is in any way obligated or liable under the claims for relief asserted against it by plaintiff, WS+B alleges against third party defendants Omni and Eisenreich that:

   a.   Any obligation imposed upon defendant/third party plaintiff to respond in damages could only be as a result of an operation of law, whereas the actual fault or negligence is that of Omni, Eisenreich and/or Aaron, Mohrle and Evans and WS+B is entitled to recover indemnification or contribution.

   b.   The parties against whom this claim is asserted and/or Evans are obligated under the terms and provisions of

38

the Joint Tortfeasors Contribution Act (<u>N.J.S.A.</u>

2A:53A, <u>et</u> <u>seq.</u>) and the New Jersey Comparative

Negligence Act (<u>N.J.S.A.</u> 2A:15-5.1 to 5.8) for their

pro-rata share of any judgment.

c.  The defendant/third party plaintiff is entitled to a

determination of the percentage shares of

responsibility of all tortfeasors whose fault

contributed to the claimed injuries and damages, as

the obligation, if any, of the defendant/third party

plaintiff to respond in damages should not exceed its

percentage share.

**WHEREFORE**, defendant/third party plaintiff demands judgment

for common law indemnification, contribution and/or

apportionment of responsibility from the parties against third

party defendants Paul Mohrle, Heather Aaron, Omni Asset

Management, LLC and Avery Eisenreich.

### THIRD COUNT

23.  WS+B incorporates by reference, in lieu of repetition,

facts set forth in the First and Second Counts of the third

party complaint.

24.  During the course of its audit, WS+B obtained

representations from BMC management personnel, including Aaron

and Mohrle, that the $5 million pledge from Omni was legitimate

and unrestricted.

25.   During the course of the audit, inquiry was made of Aaron and Mohrle as to whether BMC management had knowledge of any fraud or suspected fraud affecting the company; WS+B was advised that Aaron and Mohrle had no awareness of any fraud or allegations of fraud.

26.   Aaron provided to WS+B the Confirmation Letter addressed to Eisenreich at Omni dated February 6, 2006, signed by Aaron, seeking confirmation of the pledge from Eisenreich and Omni.

27.   The Confirmation Letter stated that the pledge was unrestricted and provided space for Omni or Eisenreich to indicate if the pledge was conditional.

28.   The Confirmation Letter was sent out by WS+B and was returned to WS+B executed by Eisenreich, indicating his agreement that the pledge was unrestricted.  See Exhibit A.

29.   Eisenreich did not indicate on the Confirmation Letter that the pledge was restricted, subject to any exceptions or conditional in any way.

30.   Neither Eisenreich nor Evans advised WS+B about the purported letter from Evans.

31.   Eisenreich now claims that the pledge is not legally binding based upon the purported letter from Evans.

32.   At the time representations were made by BMC management, including third party defendants, to WS+B, third

party defendants and cross-claim defendant Evans knew them to be untrue.

33.  Based upon Omni and Eisenreich's present position that the pledge is uncollectible, when the Confirmation Letter was signed confirming that the pledge was unrestricted, the representations being made by Omni and Eisenreich were known to them to be untrue.

34.  Third party defendants and cross-claim defendant Evans made the foregoing representations and omissions with the intent that WS+B rely upon them.

35.  At no time prior to WS+B's issuance of its audit report was WS+B advised that Omni and/or Eisenreich could not or would not fulfill the pledge.

36.  WS+B in fact relied upon the representations of third party defendants Aaron and Mohrle, the failure of Evans to disclose his purported letter to Eisenreich and Eisenreich execution and the return of the Confirmation Letter.

37.  WS+B relied upon the representations and omissions of third party defendants and Evans to its detriment.

38.  As a result of third party defendants and Evans' fraud WS+B has been damaged.

**WHEREFORE**, defendant third party plaintiff demands judgment for damages, attorney fees, costs of suit, punitive damages and such other relief as the Court deems just and proper against

41

third party defendants Paul Mohrle, Heather Aaron, Omni Asset

Management LLC, Avery Eisenreich and cross-claim defendant

Robert Evans.

## **DEMAND FOR TRIAL BY JURY**

**PLEASE TAKE NOTICE**, that Defendant WithumSmith+Brown, P.C.

demands a trial of the issues by a jury of six.

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25-4, Michael J. Canning, Esq. and Donald

F. Campbell, Jr., Esq. are hereby designated as trial counsel.

> GIORDANO, HALLERAN & CIESLA
> A Professional Corporation
> Attorneys for defendant/cross-
> claimant/third-party plaintiff,
> WithumSmith+Brown, P.C.


> By:_/s/ Donald F. Campbell, Jr.
>     DONALD F. CAMPBELL, JR., ESQ.

Dated: July 7, 2009

::ODMA\PCDOCS\ghcdocs\688352\1

# EXHIBIT A

 **Bayonne Medical Center**

29th Street at Avenue E
Bayonne, New Jersey 07002

February 6, 2006

Mr. Avery Eisenreich
Omni Asset Management
26 Journal Square
16th Floor
Jersey City, New Jersey 07306

Dear Mr. Eisenreich:

Our auditors, WithumSmith&Brown, are conducting an audit of our financial statements. For the purpose of independent verification only, please confirm the following information relating to your Contribution and Promise to Give to Bayonne Medical Center as of December 31, 2005:

| | |
|---|---|
| Date made: | October 21, 2005 |
| Amount: | $ 5,000,000  [E-13] |
| Restrictions on period or manner of use: | Unrestricted |

Payable in the following installments:

| | |
|---|---|
| June 1, 2006 | $ 1,000,000 |
| June 1, 2007 | $ 1,000,000 |
| June 1, 2008 | $ 1,000,000 |
| June 1, 2009 | $ 1,000,000 |
| June 1, 2010 | $ 1,000,000 |

Please indicate in the space provided below whether the above is in agreement with your records. If it is not, please furnish our auditors with any information you may have that will help them reconcile the difference.

After signing and dating your reply, please mail it directly to WithumSmith&Brown, Attn. William Oster, 465 South Street, Suite 200, Morristown, NJ 07960 in the enclosed return envelope or email to boster@withum.com.

Very truly yours,

Heather Aaron
Chief Financial Officer /CFO
Bayonne Medical Center

www.bayonnemedicalcenter.org

WSB-000891

To: WithumSmith&Brown

The above information regarding the Contribution and Promise to Give made to Bayonne
Medical Center agrees with my records at December 31, 2005 with the following exceptions (if
any):

_____

_____

_____

_____

_____

Signature: _____

Title: _____

Date: _____3/17/06_____

WSB-000892